## Case No. 7,913.

KNOX et al. v. SUMMERS et al.

[1 Cranch, C. C. 260.] [1]

Circuit Court, District of Columbia. Nov. Term, 1805.[2]

PLEADING AT LAW — APPEARANCE AFTER OFFICE JUDGMENT—SUBSEQUENT PLEA IN ABATEMENT —WRIT—SERVICE BY PROPER PARTY.

After office judgment against two defendants, set aside by a general appearance by attorney for both, and the cause sent back to the rules, one of the defendants may plead in abatement that he is a deputy-marshal, and that the capias was not served upon him by a disinterested person, and such plea will abate the writ as to both defendants.

Debt against [Lewis] Summers and others. Both defendants were taken by the marshal, and after office judgment, appeared by attorney and set aside the office judgment; whereupon the cause was sent back to the rules for further proceedings, when the defendant, Summers, in proper person, pleaded in abatement that he was one of the marshal's deputies, and that the capias was not served on him by a disinterested person, as required by the 28th section of the judiciary act of 1789 (1 Stat. 87).

Special demurrer: 1. Because the plea was filed long after the defendant's appearance by attorney. 2. Because, after the defendant's appearance, no objection can be urged to the irregularity of service of the process. 3. Because, if the process was irregularly issued, directed or served, the remedy is by motion, and not by plea; and, 4. Because the process was duly issued, direct-

ed, and served. By the 28th section of the act of 1789 (1 Stat. 87) it is enacted, "that in all causes wherein the marshal or his deputy shall be a party, the writs and precepts therein shall be directed to such disinterested person, as the court, or any justice or judge thereof, may appoint; and the person so appointed is hereby authorized to execute and return the same."

Mr. Swann, for plaintiffs Knox and Crawford, contended that when the deputy-marshal was the defendant, it was optional with the plaintiff to apply, or not, to the court, or a judge, to appoint another person than the marshal to serve the capias. The provision was made for the benefit of the opposite party, and not for that of the deputy-marshal, and that, where a deputy-marshal is a joint defendant, it can be no valid objection that the writ was served by the marshal. That the only object of process is to compel an appearance, and that when the defendant has appeared it is immaterial by what process he was compelled. There is no precedent of a plea in abatement for irregularity of process. Bac. Abr. tit. "Error"; Moor v. Watts, 1 Ld. Raym. 616, 617; Walgrave v. Taylor, Id. 706; Cameron v. Lightfoot, 2 W. Bl. 1190.

Walter Jones and C. Lee, for defendants. This is not an objection apparent on the face of the writ. It is a matter which can only be disclosed by plea. The act of congress is peremptory. There is no time limited for pleading in abatement.

THE COURT decided that the plea in abatement was good.

Demurrer overruled.

[The judgment of the circuit court was reversed in the supreme court upon error; the court being "unanimously of opinion that the appearance by attorney cured all irregularity of process. The defendant, perhaps, might have appeared in propria persona, and directly pleaded in abatement: but, having once appeared by attorney, he is precluded from taking advantage of the irregularity." 3 Cranch (7 U. S.) 496.]